③

FILED

NOV - 2 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 10-30995-A-7 |
| CURTIS and ELISA NICCUM, | Docket Control No. GAR-3 |
| Debtors. | Date: August 23, 2010<br>Time: 9:00 a.m. |

**MEMORANDUM**

This Memorandum supplements the court's findings of fact and conclusions of law as stated in the Final Ruling appended to the minutes of the hearing conducted on August 23 in connection with the debtors' motion for sanctions against their former attorney.

In addition to limiting former counsel's ability to file electronically documents with the electronic signature designation, "/s/ Name", the court previously ruled that current counsel was entitled to reasonable and necessary fees and costs associated with making the motion. Both former and current counsel have now filed additional evidence regarding those fees and costs.

As to costs, none are awarded because none have been requested.

As to the attorney's fees, the court finds and concludes that the $2,200 requested is excessive and unnecessary.

First, the underlying sanction motion was granted only in part. Much of what current counsel requested in the motion was

58

not allowed for the reasons explained in the Final Ruling.  In the court's judgment, had the debtors confined themselves to relief that was appropriately requested by motion (as opposed to an adversary proceeding) for former counsel's post-bankruptcy behavior, the amount of time to file, serve, and prosecute the motion should not have exceeded three hours.

Second, the hourly rate requested by current counsel, $400, is excessive.  That rates charged for consumer chapter 7 work in this court generally range from $200 to $350 per hour.  The court concludes that $300 is a reasonable rate in this case considering the experience of counsel and the nature of the dispute.

Third, the time billed in connection with the court appearance on August 23 was unnecessary for two reasons: the court permits telephone appearances; and, both counsel accepted the court's tentative ruling.  Current counsel's statement that he was unaware that former counsel had accepted the tentative ruling is unpersuasive.  Given the obvious bad blood between both counsel, all steps should have been taken to determine whether the tentative ruling was acceptable.  Current counsel should have found time to either contact former counsel prior to the hearing or read the email that had been sent to him by former counsel.

The court will award $1,200 in reasonable fees.  A separate order will be entered.

Dated: 2 Nov 2010

By the Court

Michael S. McManus, Judge
United States Bankruptcy Court

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities at the addresses shown below or on the attached list.

| | | |
|---|---|---|
| Office of the U.S. Trustee<br>Robert T Matsui United<br>States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 | Ryan Lucksinger<br>PO Box 1257<br>Rocklin, CA 95677 | Stanley P. Berman<br>202 N Pine St<br>Nevada City, CA 95959 |

George A. Roberts
301 Broad Street
Nevada City, CA 95959

DATED: 11/3/10            By: _____
                                  Deputy Clerk
                                  Destry Patching

EDC 3-070 (Rev. 6/28/10)